IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-10137-01-WEB |
| | ) | |
| MICHAEL A. SARBER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on March 6, 2006, for a hearing on the defendant's motion to suppress evidence. Inasmuch as the motion presented a legal question pertaining to the sufficiency of a search warrant affidavit, the parties had no evidence to present in connection with the motion except to ask that the warrant and affidavit be considered as exhibits. After reviewing the parties' respective positions as shown by their briefs, the court orally denied the defendant's motion on the grounds that the affidavit provided a substantial basis for the Magistrate Judge's issuance of the warrant. This written memorandum will supplement the court's oral ruling.

I. *Summary of Arguments*.

Defendant's motion argues that an April 8, 2005, search of his residence at 508 Oak Street in Wichita was unlawful because -- although the search was conducted pursuant to a warrant -- the affidavit used to obtain the warrant failed to establish probable cause. Doc. 12, Attach. 1. Specifically, he argues that insofar as the affidavit discussed the defendant and his residence, the information was not based on the

personal knowledge of the affiant, KBI Agent William Roland, but instead was based upon third and fourth-party statements allegedly within the knowledge of ATF Agent Wesley Williamson. He points out that paragraph 51 of the affidavit states that "Special Agent Williamson believes there is probable cause" for the search. He argues that KBI Agent Roland lacked person knowledge of the facts such that his affidavit was speculative and failed to establish probable cause. Defendant further argues that the "good faith" exception of *United States v. Leon* does not save the search, because the affidavit was so lacking in probable cause as to render any official belief in its existence entirely unreasonable. In this regard, he argues that Agent Roland created confusion in the application by failing to make clear he was seeking a warrant to search three separate residences, and that the warrant for the defendant's residence was based upon the personal knowledge of persons other than Roland.

In response, the Government argues that a plain reading of the affidavit would lead a reasonable person to conclude that methamphetamine or firearms would likely be found in the defendant's residence. Doc. 13. It maintains that any argument about Agent Roland's lack of personal knowledge is misplaced because the law allows the consideration of hearsay -- including the use of information from informers and tipsters -- as part of the probable cause determination. *Citing, inter alia, Illinois v. Gates*, 462 U.S. 213 (1983). It argues that under the totality of circumstances -- including the fact that defendant Sarber had prior arrests for firearms and drugs -- the facts set forth in the affidavit established that the information was reliable. Finally, it argues there is no need to apply the "good faith" doctrine of *Leon* because the affidavit was sufficient in this instance to establish probable cause for the search.

II. *Discussion*.

In determining whether there was probable cause to issue a search warrant, this court gives "great

2

deference" to the decision of the issuing magistrate. *United States v. Sims*, 428 F.3d 945 (10th Cir. 2005). The court reviews only to determine whether the magistrate had a "substantial basis" for finding probable cause. Such a deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984). This court must keep in mind that the magistrate's task was merely to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Sims, supra*.

A brief review of the affidavit shows that it contains a substantial basis for finding probable cause. Doc. 13, Attach. B [2]. Among other things, the affidavit cited information provided by a Confidential Informant identified as "2005-2036." According to the affidavit, this individual gave information to Agent Roland not only about the defendant Sarber, but also about Joshua Reed and Nicholas Depetris, other targets of the investigation. Paragraph 40 states that the Informant has provided reliable information in the past leading to the issuance of search warrants and the seizure of narcotics and stolen property, including information provided within 2 months of the application. The affidavit shows that the Informant provided various personal details about Josh Reed that the officers confirmed, including where Reed lived, his cell phone number, and the fact that he lived with his girlfriend. The affidavit also describes how the officers were able to obtain information from other sources tending to show that Reed was in fact involved in the distribution of methamphetamine. Additionally, the affidavit set forth details about how Nicholas Depetris had previously been found with methamphetamine and firearms and admitted to selling substantial quantities of methamphetamine.

According to the affidavit, on April 5, 2005, the Informant told Agent Roland he had been

personally present at a meeting at the residence of an individual he knew as "Little Mike," and that arrangements were made there with Josh Reed and Nicholas Depetris for "Little Mike" to go to Texas to pick up a load of methamphetamine. He provided additional details of the plan, including that these individuals would all meet back at the residence when "Little Mike" returned. The Informant then contacted Roland the next day and told him "Little Mike" had returned from Texas with about a pound of methamphetamine. He described how these same individuals met again and the methamphetamine was divided at the residence between "Little Mike," Reed and Depetris, with "Little Mike" retaining about 4 ounces. It was reasonable to infer from the information provided that "Little Mike" currently had methamphetamine at his residence. The Informant then met with Roland and showed him the residence of "Little Mike" where the meeting had taken place. The Agent was able to determine that the utilities for that residence were registered to defendant Michael Sarber and Michelle Sarber. The Agent also determined from an NCIC check that defendant Sarber had prior arrests for various offenses, including being a felon in possession of a firearm and transporting controlled substances. The officer made the application for warrant on April 7, 2006, the day after the Informant provided the above information.

As the Supreme Court noted in *Illinois v. Gates*, an "informant's statement [must be] reasonably corroborated by other matters within the [affiant's] knowledge," but "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234. The affidavit here shows that the Informant claimed to have been a first-hand witness to drug trafficking by an individual later determined to be defendant Sarber. The Informant had a proven history of giving accurate information regarding this type of illegal activity. As the Government

points out, the law does not prohibit the consideration of hearsay in determining whether probable cause exists.  Under the totality of the circumstances, the affidavit sets forth sufficient grounds for the magistrate to conclude that drugs and/or firearms would likely be found at Mr. Sarber's residence.  It makes no difference that the Affidavit states that Agent Williamson, rather than Agent Roland, "believes there is probable cause to search."  It is a reasonable inference from the Affidavit that both of the officers communicated with each other about the facts within their knowledge, and that both officers believed there was probable cause for a search.  In fact, paragraph 5 of the affidavit states that "SSA Roland has knowledge of information that is either [] personally known to him or to SA Williamson, or has been provided to SA Williamson and SSA Roland by other law enforcement personnel and witnesses."  At any rate, whether the facts set forth gave rise to probable cause was a matter for the magistrate to determine. In sum, the court finds that the magistrate had a substantial basis for finding probable cause.

Even if for some reason it could be said that the affidavit failed to establish probable cause, the court would have to find that the search of the defendant's residence falls under the "good faith" exception of *Leon*.  The affidavit was not so lacking in probable cause that the officer should have known that a search was unlawful despite the magistrate's authorization.  *See United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000).  Defendant's argument that Agent Roland created confusion in the Affidavit by failing to make clear the basis for searching each of the residences, or the basis of his factual knowledge, is not persuasive.  There is nothing unclear about the Affidavit.  It sets forth the factual basis for each of the three residences involved, and it clearly explains the basis of the agent's information.

III.  *Conclusion*.

Defendant's motion to suppress evidence (Doc. 12) is DENIED.   IT IS SO ORDERED this \_

\_6th\_ Day of March, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge