IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-10137-01-WEB |
| MICHAEL A. SARBER, | ) ) ) |
| Defendant. | ) ) ) |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of June 5, 2006. This written memorandum will supplement the court's oral rulings.

The defendant filed one objection to the Presentence Report. He challenged the PSR's finding that he has two prior felony convictions of either a crime of violence or a controlled substance offense, such that he qualifies as a career offender under USSG § 4B1.1. (*See* PSR, ¶ 30). The PSR alleges that the defendant was previously convicted of a controlled substance offense, that is, Possession of Controlled Substances for Sale (¶ 36), as well as a crime of violence, Battery to a Law Enforcement Officer (¶ 40). Defendant argues that neither of these convictions qualify as a predicate offense for career offender status.

*Possession of Controlled Substance for Sale* -- Records of the Superior Court of the County of Stanislaus, California, in *State of California v. Michael A. Sarber*, Case No. 252069, were admitted into evidence for purposes of sentencing in the instant case. These records show the defendant was charged by information with three counts in Case No. 252069, including Count III, a felony charge of

possession for the purpose of sale of a controlled substance, namely methamphetamine, in violation of § 11378 of the California Health and Safety Code. Such a charge constitutes a "controlled substance offense" within the meaning of USSG § 4B1.2(b). *See id* (controlled substance offense includes any state felony that prohibits the possession of a controlled substance with intent to distribute or dispense). *Cf. United States v. Sandoval-Venegas*, 292 F.3d 1101, 1107 (9th Cir. 2002). Defendant was also charged in Count II of the information with unlawfully and feloniously offering or attempting to import into the state and to transport a controlled substance, namely methamphetamine. The Government concedes that Count II would not qualify as a prior controlled substance offense. The Judgment entered in the case on December 20, 1990, shows that the defendant was found guilty by a jury on all three counts. The judgment further reflects that defendant was sentenced to a term of imprisonment on Counts I and II, but "Count III, stayed pursuant to Penal Code Section 654."

Section 654(a) of the California Penal Code provides in part that an act punishable by different provisions of law shall be punished only under the provision that provides for the longest potential term of imprisonment, and in no case shall the act shall be punished under more than one provision. The purpose of this provision is to ensure that the defendant's punishment will be commensurate with his criminal liability. *See People v. Chaffer*, 4 Cal.Rptr.3d 441 (App. 3 Dist. 2003). The statute also states that a conviction under any one provision bars a prosecution for the same act under any other provision. The purpose of this latter provision is to prevent harassment of the defendant. *See People v. Pantoja*, 18 Ca.Rptr.3d 492 (App. 1 Dist. 2004). Defendant argues that the California court's application of § 654(a) as to Count III means there was no conviction on that count, or that the entry of a conviction was avoided, such that it does not qualify as a prior conviction for a controlled substance offense.

The court finds that the defendant was convicted of a prior felony controlled substance offense.

The Judgment in the California case shows the defendant was convicted on all counts, including Count III. The court notes that under USSG § 4A1.2(a)(4), the term "convicted of an offense" means that "the guilt of the defendant has been established, whether by guilty plea, trial or plea of nolo contendere." Moreover, § 4A.1.2(a)(3) provides that a conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c). Regardless of the fact that any sentence as to Count III was stayed by the court pursuant to §654(a), the Judgment and accompanying records show the defendant was found guilty by a jury of that offense. Nothing in the Judgment indicates that the finding of guilt was vacated by the court. Rather, it shows that any sentence as to Count III was stayed. Such a fact, however, does not prevent the conviction from being counted as a prior conviction and a qualifying offense. Under the circumstances, the court finds that the defendant's conviction for the felony of possession of methamphetamine for sale (¶ 36) constitutes a conviction for a controlled substance offense for purposes of USSG § 4B1.1.

*Battery on a Law Enforcement Officer* - Defendant also challenges the PSR's finding that his prior Wisconsin conviction for Battery to a Law Enforcement Officer constitutes a "crime of violence." Defendant says that although the title of this offense might indicate it was a crime of violence, the actual facts of the case show it was not. Defendant states that the incident occurred when he was highly intoxicated and was being arrested by police officers. He says that due to his intoxicated state, he presented no actual threat to the officers. He further contends the State of Wisconsin deferred prosecution on the offense, which he maintains it would not have done if the offense had been an actual crime of violence.

The court concludes this conviction constitutes a "crime of violence" within the meaning of USSG § 4B1.2. A crime of violence includes an offense that "has as an element the use, attempted use, or

threatened use of physical force against the person of another," or that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. The Wisconsin provision under which defendant was convicted required a showing that he intentionally caused bodily harm to a law enforcement officer. *See Wis. Stat*. § 940.20(2). The Judgment of Conviction shows the defendant pled no contest and was found guilty of the offense. As the Government points out, when the elements of an offense unambiguously satisfy the definition of a crime of violence, the court cannot look beyond the statutory elements. *See United States v. Paxton*, 422 F.3d 1203, 1205 (10th Cir. 2005). In this instance, the element of "intentionally causing bodily harm" to a law enforcement officer is sufficient to meet the definition of a crime of violence both because it necessarily includes the use of physical force against another and because it necessarily presents a serious potential risk of physical injury to another. *See United States v. Glover*, 431 F.3d 744 (11th Cir. 2005) (Florida conviction for battery on law enforcement officer was a crime of violence under 4B1.2); *United States v. Santos*, 363 F.3d 19, 23 (1st Cir. 2004) (the use of force and a serious risk of physical harm likely accompany an assault and battery on a police officer); *United States v. Giakovmis*, 65 F.3d 176 (9th Cir. 1995) (Table, text in Westlaw), 1995 WL 498699 (9th Cir., Aug. 21, 1995) (third-degree assault, which required showing of bodily harm, was a crime of violence under the "otherwise" clause of § 4B1.2). Even if the court were to look beyond the judgment in this instance, the facts alleged in the charging document -- including allegations that the defendant threatened to kill the officer and then struck him the face, causing swelling and redness -- support a finding that the offense was a crime of violence. As such, the courts finds the defendant has two prior felony convictions that qualify under § 4B1.1(a)(3) and that the PSR properly concluded he is a "career offender" within the meaning of USSG § 4B1.1.

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  12th  Day of June, 2006, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge