IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
                                              )
                   Plaintiff,                 )
                                              )
        v.                                    )        Case No. 05-10137-WEB
                                              )
MICHAEL A. SARBER,                            )
                                              )
                   Defendant.                 )
_____ )

MEMORANDUM AND ORDER

Before the court is a motion by the Defendant requesting the court clarify or amend his

sentence to reflect that his federal sentence was to run concurrent with his sentence from the

State of Wisconsin. The Defendant does not specify the rule or statute under which he has filed

this action. Therefore, the court will do an exhaustive analysis.

A defendant has only 14 days after sentencing to correct a sentence that resulted from

arithmetical, technical, or other clear error. Fed.R.Crim.P. 35(a). It is well past the 14 day

period. The Defendant, therefore, is not entitled to relief under Rule 35. Moreover, the

Defendant has not argued, and the court does not find, that this qualifies as a clerical error

pursuant to Rule 36. Fed.R.Crim.P. 36. The Defendant is not entitled to relief under Rule 36.

The court finds that this motion should be construed as a petition for a writ of habeas

corpus challenging the execution of his sentence under 28 U.S.C. § 2241. Habeas relief under

section 2241 cannot extend to the Defendant unless he shows that the execution of his sentence

violates federal law or the Constitution. Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46

L.Ed.2d 162 (1975). The Defendant is arguing that his federal sentence should have been run

concurrent to his Wisconsin state court sentence. Multiple sentences of imprisonment are to be

imposed as follows: "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. When the federal district court's order is silent on the issue of concurrent or consecutive sentences, the sentences are to run consecutively." 18 U.S.C. § 3584(a).

The Tenth Circuit has stated that "the presumption of concurrent sentences affects only sentences imposed at the same time." U.S. v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008). The Court went on to state that because the defendant's state sentence and federal sentence were not imposed at the same time, and the federal sentence is silent on concurrent or consecutive sentences, the "federal sentence does not 'affirmatively order' concurrent service of his federal and state sentences." Id. In Thomas v. Ledezma, 341 Fed.Appx. 407 (10th Cir. 2009), the Court found that the sentencing court made no determination that the federal term would run concurrently with the pending state sentence. Id at 412. However, the Court also found that when the BOP inquired of the sentencing court, the sentencing judge indicated that the sentences should run consecutively. Id.

A section 2241 petition challenges the execution of a sentence, and must be brought in the district in which he is confined. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).

The court records show the Defendant is incarcerated in Adelanto, California. The Court in

Haugh authorized a court without jurisdiction to review the merits of a section 2241 case before

transferring it to the proper jurisdiction. Id. at 1150. If the court determines the merits do not

raise a claim under which relief can be granted, the court may dismiss the case instead of

transferring it. Id. Under the applicable law, the Defendant's federal time did not begin to run

until he was taken into federal custody. Binford v. United States, 436 F.3d 1252, 1255 (10th Cir.

2006). The court does not have sufficient information before it to determine when he was taken

into federal custody. However, as discussed above, 18 U.S.C. § 3584(a) states that multiple

terms of imprisonment imposed at different time are consecutive unless ordered otherwise. The

judgment of the court does not show that concurrent sentences were ordered, therefore the

sentence must run consecutively pursuant to law. The Defendant's motion for relief pursuant to

section 2241 is dismissed, and will not be transferred to California.

The court is also mindful of U.S. v. Ellsworth, 296 Fed.Appx. 612 (10th Cir. 2008). In

Ellsworth, the defendant filed a request similar to the one in the case at hand, except in

Ellsworth, the defendant argued that his plea agreement provided for concurrent federal and state

sentences, therefore his sentence violated his plea agreement. Id. at 615. The district court

found that a challenge to the sentence imposed should be filed under 28 U.S.C. § 2255, and the

Court of Appeals agreed. Id. In the case currently before the court, the Defendant points out in

his motion that "The issue I am addressing is that in the plea agreement and in the PIR

(Presentence Investigation Report) both the prosecutor and the PIR recommended that my

federal sentence to be run concurrent with my state sentence (See PIR Page 3-4 line 7 and page

26 line 111). During Sentencing you adopted all findings and recommendations without change.

However, because the court did not waive a wand or explicitly state that the state time to be ran concurrent, the BOP refuses to credit this state time."

A review of the record shows the defendant entered into a plea agreement with the Government in which the Government agreed to recommend the federal sentence run concurrent with the sentence in Wisconsin.  (See United States v. Villano, 816 F.2d 1448, 1450 (10th Cir. 1987), the court is permitted to review the record, including the sentencing transcript, to resolve ambiguities.)  At the sentencing hearing, the court did not discuss the Wisconsin sentence, or whether the sentences would run concurrent or consecutive.   The court cannot now try to guess the reasoning of a sentence imposed four years ago.

The Defendant does not classify this motion as a section 2255, and the court is reluctant to do so based on the consequences of filing a successive 2255.  28 U.S.C. § 2244.  Furthermore, a motion for habeas relief must be filed within one year of the date the conviction becomes final. 28 U.S.C. § 2255.  The Defendant filed a direct appeal, and the Court of Appeals issued a mandate on September 18, 2006.  The Defendant is outside the one year time limitation.  The court would also note that the Defendant does not argue that his sentence is illegal or that the plea agreement is invalid.  The motion will not be classified as a motion pursuant to section 2255.

For the above stated reasons, the Defendant's motion is denied.  The Defendant cannot proceed under Rule 35 or 36, and the Defendant has not raised a federal constitutional claim challenging the execution of his sentence under 28 U.S.C. § 2241.  Finally, the Defendant does not argue that the imposition of his sentence is in violation of a federal constitution claim pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED the Defendant's Motion to Clarify or Amend his

Sentence (Doc. 35) be DENIED.

IT IS SO ORDERED this 16th day of April, 2010.


         s/ Wesley E. Brown
         Wesley E. Brown
         United States Senior District Court Judge