IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Crim. Case No. 6:05-cr-10137-JTM-1

MICHAEL A. SARBER,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Michael Sarber's "Motion For Order of [Con]current Sentences." (Dkt. 42). The motion seeks an order directing that defendant's federal sentence, which was imposed in 2006, run concurrently with an earlier sentence imposed by the State of Wisconsin. Alternatively, the motion asks that the time served on his Wisconsin sentence be credited toward his federal sentence "pursuant to 18 U.S.C. § 3584(d) and U.S.S.G. § 5G1.3." *Id* at 1.

**I. Background**

On March 13, 2006, defendant Michael Sarber appeared before the Hon. Wesley E. Brown and pled guilty to one count of unlawfully possessing with intent to distribute 5 grams or more of methamphetamine. Under the terms of the parties' plea agreement, the Government agreed to recommend that his sentence run concurrently with a previously-imposed Wisconsin state sentence. Dkt. 16 at 4.

At the sentencing hearing of June 5, 2006, Judge Brown overruled defendant's objections to the Presentence Report and found that defendant qualified as a career

offender, which resulted in a guideline range of 188 to 235 months. See Dkt. 19. Judge Brown orally sentenced defendant to a term of 188 months imprisonment, a four year term of supervised release, a $100 special assessment, and a denial of federal benefits for five years. Dkt. 18. The Wisconsin sentence was not mentioned or discussed at the sentencing hearing, nor was it mentioned in the subsequently filed judgment.

Defendant filed a direct appeal to the Tenth Circuit Court of Appeals. That court dismissed the appeal, however, finding that under the plea agreement defendant had waived his right to appeal or collaterally attack his sentence. Dkt. 34.

Three and a half years later, on April 6, 2010, defendant filed a "motion for clarification" of sentence in which he asked the sentencing court to amend the judgment to reflect that his federal sentence should run concurrent with his Wisconsin sentence. Dkt. 35. Judge Brown dismissed the motion, finding that pursuant to 18 U.S.C. § 3584(a) the sentences were to run consecutively because the court's sentence and judgment did not provide otherwise. Dkt. 36 at 2.[1] Defendant also filed a separate § 2241 motion in this district raising the same issue, but that motion was denied by Judge Rogers. *See Sarber v. Edenfield*, No. 11-3132-RDR, Dkt. 4 (D. Kan.).

A little over a year later, on July 18, 2011, defendant filed a "Motion to Correct Judgment" (Dkt. 37), which cited Rule 36 and argued that the federal sentence should have run concurrent with the state sentence by virtue of the Government's recommendation in the plea agreement. Judge Brown denied that order as well, finding

---

[1] The order characterized defendant's motion as one challenging the execution of his sentence under 28 U.S.C. § 2241. Because a § 2241 motion must be brought in the district where a defendant is confined, and defendant was then held in California, the motion was technically dismissed for lack of jurisdiction. Dkt. 36 at 3.

2

it did not raise any new issues. Dkt. 38. Defendant filed an essentially identical motion several days later, which was again denied. Dkts. 39, 41. Defendant then filed a § 2241 motion in the Northern District of Texas, which was denied on August 30, 2013. *See Sarber v. Edenfield*, No. 1:11-cv-00134-C (N.D. Tex.).

On December 12, 2015, defendant filed the motion that is now before the court. Dkt. 42. The motion recites the facts surrounding defendant's sentence and argues that by virtue of 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3, the court has authority and discretion to order that his federal sentence run concurrently with his Wisconsin state sentence and/or to order a credit against his federal sentence for the time he served on the state sentence. Dkt. 42 at 20.

In response, the Government argues that defendant's motion is barred by the waiver in his plea agreement and by the court's prior rulings, which the Government contends now represent the law of the case. Dkt. 44 at 3.

## II. Discussion

Defendant argues the court has discretion to amend the judgment by virtue of 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3. Once a sentence has been imposed, however, there are strict limits on the authority of a district court to amend it. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed, except where a modification is statutorily authorized); 18 U.S.C. § 3582(c) (court may not modify term of imprisonment, once imposed, except for the reasons set forth). The provisions cited by

defendant do not authorize the court to change or amend his sentence or the judgment entered in 2006.

Nor does any other provision authorize such an amendment. Rule 35(a) of the Rules of Criminal Procedure allows for correction of errors only within 14 days after sentencing. Rule 36 allows a district court to correct a "clerical error" in a judgment at any time, but it does not allow a court to modify a sentence. And defendant makes no showing that the sentencing court's failure to direct a concurrent sentence amounted to a "clerical error" in the judgment. The sentencing judge made no finding that defendant's federal sentence should run concurrently with the state sentence and included no such provision in the judgment. By law, this meant that the sentences would run consecutively. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Moreover, when the sentencing judge was subsequently presented with the claim, he declined to find that the silence in the record was due to an oversight or other error, observing that "[t]he court cannot now try to guess the reasoning of a sentence imposed four years ago." Dkt. 36 at 4. *Cf. United States v. Eccleston*, 545 Fed.Appx. 774, 776 (10th Cir. 2013) (district court presumably knew at the time of sentencing that its silence meant the sentences would run consecutively).

A post-judgment motion, regardless of how it is characterized by the movant, may be treated as a § 2255 motion if it asserts a federal basis for challenging the validity of the movant's conviction or sentence. *See In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009). To the extent defendant might be claiming that the sentencing court erred by

4

imposing consecutive sentences or by permitting the sentences to be consecutive, such an argument amounts to an attack on the validity of the sentence, and would fall under the scope of § 2255. In response to the Government's argument that any such claim is barred by a waiver of collateral attack in the plea agreement, defendant specifically avers that he is not attacking the validity of the sentence imposed. Dkt. 45 at 3. Accordingly, the court accepts the representation and does not consider the claim as one attacking the validity of the sentence under § 2255.

A post-judgment motion is properly characterized as one under § 2241 if it attacks the execution of a sentence rather than its validity. *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011). Insofar as defendant may be claiming that the Bureau of Prisons is improperly executing his sentence by refusing to grant him custodial credit or a nunc pro tunc designation for his sentences to run concurrently, his claim falls under the scope of § 2241. But because a petition under § 2241 must be brought in the district in which the movant is confined, and defendant is confined in Louisiana, this court has no jurisdiction to rule on that aspect of the claim. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (§ 2241 motion by federal prisoner must be filed in the district where he is confined). Moreover, the court declines to transfer the claim to Louisiana, as defendant has not shown that the claim has any potential merit. *See Carroll v. Peterson*, 105 Fed.Appx. 988, 990 (10th Cir. 2004) ("Because the sentencing judge in Mr. Carroll's federal trial was silent as to whether his state and federal sentence would run concurrently, the BOP was clearly within its discretion in denying Mr. Carroll's requested order."). *See also United States v. Wilson*, 503 U.S. 329, 333 (1992) (the authority

to grant prior custody credit is vested with the Attorney General, acting through the BOP).

**IT IS THEREFORE ORDERED** this 5th day of February, 2016, that defendant's "Motion for Order of [Con]current Sentences" (Dkt. 42) is DENIED in part and DISMISSED in part.

**IT IS FURTHER ORDERED** that defendant's "Motion to Strike Government's Response" (Dkt. 45) is DENIED.

_____s/ J. Thomas Marten___  
J. THOMAS MARTEN, JUDGE