IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case Nos.  05-10137-01-JTM (Criminal)
                                       16-1158-JTM (Civil)

MICHAEL SARBER,

        Defendant.

**MEMORANDUM AND ORDER**

This case is before the court on defendant Michael Sarber's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 55) and the government's motion to dismiss (Dkt. 64). Defendant claims that the career offender enhancement based on U.S.S.G. § 4B1.1 of the sentencing guidelines, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant further argues that even though he was sentenced after *United States v. Booker*, 543 U.S. 220, (2005), the career offender guideline maintained its pre-*Booker* mandatory features at the time defendant was sentenced. For the reasons set forth below, this court dismisses defendant's motion and grants the government's motion.

The United States Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890

(holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886.

Since *Beckles*, courts, including the Tenth Circuit, have considered challenges to career offender enhancements under the mandatory sentencing guidelines. *See United States v. Mulay*, No. 17-3031, 2018 WL 985741, at *3 (10th Cir. Feb. 20, 2018); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018). But the Tenth Circuit resolved the matter by holding a defendant "cannot rely on *Johnson* to bring a retroactive challenge to his sentence on collateral review because the right he asserts . . . was not recognized in *Johnson*." *Mulay*, 2018 WL 985741 at *3. Because defendant is challenging his career offender enhancement on collateral review, *Johnson* is inapplicable to afford relief.

The court agrees with defendant's argument that reasonable jurists could disagree as to whether *Johnson* applies to cases sentenced under the mandatory guidelines, and therefore, grants defendant a certificate of appealability. *See, e.g.*, *Moore v. United States*, 871 F.3d 72, 84 (1st Cir. 2017) ("We leave it to the district court to decide in the first instance if it is appropriate to consider Moore's vagueness challenge as applied or categorically and, in either event, whether the pre-*Booker* guidelines fixed Moore's sentencing range in the relevant sense that the ACCA fixed sentences."). Defendant has presented issues "adequate to deserve encouragement to proceed further." *United States v. McGuire*, 678 F. App'x 643, 644 (10th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)).

-3-

IT IS THEREFORE ORDERED that the government's motion to dismiss (Dkt. 64) is granted. Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 55) is dismissed.

IT IS FURTHER ORDERED that the court will issue a certificate of appealability in this case.

Dated this 1st day of May, 2018, at Wichita, Kansas.

                                       s/ J. Thomas Marten
                                       J. THOMAS MARTEN, JUDGE